UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILLY W. WELCH, JR.,

    Plaintiff,

Case No. 2:18-cv-11866

HONORABLE STEPHEN J. MURPHY, III

v.

SHERRY BURT,

    Defendant.

/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS [1] AND DENYING CERTIFICATE OF APPEALABILITY**

On June 12, 2018, Petitioner Billy W. Welch, Jr.—a Michigan state prisoner—filed his habeas petition under 28 U.S.C. § 2254. An Isabella County Circuit Court jury convicted Welch of assault with intent to rob while armed, Mich. Comp. Laws § 750.89; conspiracy, Mich. Comp. Laws § 750.157a; and aggravated assault, Mich. Comp. Laws § 750.81a. As a fourth-time habitual felony offender, Welch was sentenced to a term of 35 to 60 years' imprisonment for the first two offenses, and a lesser term for the aggravated-assault conviction.

Welch claims prosecutorial misconduct for arguing facts not in evidence and for vouching for witnesses' credibility. Because the claims are without merit, the Court will deny the petition. The Court will also deny a certificate of appealability.

## BACKGROUND

The Court recounts the relevant facts relied upon by the Michigan Court of Appeals.

1

> Defendant's convictions arise out of the robbery of a taxi driver that was committed by defendant and several other individuals. While robbing the driver, defendant and one of the other individuals, Matthew Epps, pointed imitation handguns at the driver's head and threatened his life. Upon exiting the taxi after the robbery, defendant struck the driver in the head with the handgun. Three of the individuals involved, Epps, Thad Brisboy, and Jennifer Baugher, testified against defendant as required by their plea agreements. Defendant was subsequently convicted and sentenced as described above.

ECF 9-16, PgID 1175.

Following his conviction Welch filed a claim of appeal. His brief on appeal filed in the Michigan Court of Appeals raised the claims raised in the present petition, as well as an additional claim of prosecutorial misconduct not raised here. The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished opinion. *See generally* ECF 9-16.

Welch then filed an application for leave to appeal in the Michigan Supreme Court, but it was denied by standard order. *People v. Welch*, 500 Mich. 946 (2017) (Table).

## STANDARD OF REVIEW

The Court may not grant habeas relief to a state prisoner unless his claims were adjudicated on the merits and the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law. 28 U.S.C. § 2254(d)(1). "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent." *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).

The state court unreasonably applies Supreme Court precedent not when its application of precedent is merely "incorrect or erroneous" but when its application of precedent is "objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003) (internal citations omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 654 (2004)).

A federal court reviews only whether a state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Greene v. Fisher*, 565 U.S. 34, 38 (2011). A state court need not cite to or be aware of Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). Decisions by lower federal courts "may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)).

3

Finally, a federal habeas court presumes the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may successfully rebut the presumption only by clear and convincing evidence. *Id.*

**DISCUSSION**

Welch claims that the prosecutor committed misconduct by arguing facts not in evidence during closing argument by stating that he never offered Welch a plea bargain. ECF 1, PgID 21. Welch also claims that the prosecutor vouched for the credibility of the witnesses who were involved in the crime by stating that their plea agreements were made in exchange for truthful testimony. *Id.* at 24.

I. <u>Prosecutor's Plea Deal Remarks</u>

The Michigan Court of Appeals rejected the claim regarding arguing facts not in evidence. During closing, defense counsel argued that government attorneys "tried to get him. They tried to get him to testify against somebody else. The DA, he says, came at him, but he's not going to [testify against his co-defendants]. It's not right." ECF 9-16, PgID 1178 (emphasis omitted).

The prosecutor responded to defense counsel's claim that the prosecution tried to convince Welch to testify against somebody else. The prosecutor stated that defense counsel suggested that he offered Welch a plea deal. *Id.* He continued, ""Ladies and gentlemen, never, never, never did I offer this Defendant Welch any sort of plea deals to testify against the co-defendants." *Id.*

The Michigan Court of appeals agreed that the "prosecutor's remark at issue was improper" because the comment did not reflect record evidence *Id.* The state

4

court concluded, however, that the prosecutor made the comment in response to defense counsel's argument. *Id.* The Michigan Court of Appeals noted that "the context in which this remark was made" matters "because an otherwise improper remark may not rise to an error requiring reversal when the prosecutor is responding to the defense counsel's argument.'" *Id.* (citing *People v. Kennebrew*, 220 Mich. App. 601, 608 (1996)). The state appellate court determined that the remark was harmless and a new trial was not required. *Id.* at 1179.

Even assuming that the improper remark was made in an inappropriate context, the Michigan Court of Appeals decided that the comment was not prejudicial. "[D]efense counsel objected immediately after the statement was made, and the trial court issued an immediate instruction." *Id.* The state trial court immediately instructed the jury "to strike [the prosecutor's] last comment because it was not part of the evidentiary record." *Id.* During final instructions, the state trial court reiterated to the jury that "the lawyers' statements and arguments are not evidence and that its verdict must be based only on the evidence and [the trial court's] instructions on the law." *Id.* (internal quotation marks omitted).

The Michigan Court of appeals finally concluded that "[j]urors are presumed to follow their instructions, and instructions are presumed to cure most errors." *Id.* (citing *People v. Abraham*, 256 Mich. App. 265, 279 (2003)). The prosecutor's remark, although improper, did not severely prejudice the defendant and did not merit a mistrial. *Id.*

The clearly established federal law governing a habeas petition's claim of prosecutorial misconduct is *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). *Parker v. Matthews*, 567 U.S. 37, 45 (2012). A "prosecutor's improper comments" violate the Constitution "only if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id.* (quoting *Darden*, 477 U.S. at 181).

The Court must decide whether the Michigan Court of Appeals' decision denying Petitioner's prosecutorial misconduct claims "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103.

It was reasonable for the Michigan Court of Appeals to find that the prosecutor's statement was a fair response to defense counsel's argument that Welch refused to make a deal for a crime he did not commit. The fair-response rationale for denying such prosecutorial misconduct claims is well established. See *United States v. Beverly*, 369 F.3d 516, 543–44 (6th Cir. 2004) (finding no misconduct from prosecutor's statement "why [defendant] did what he did, only he can answer" that responded to defense counsel's prior argument that defendant did not flee from arrest); *Bruton v. Phillips*, 64 F. Supp. 2d 669, 684 (E.D. Mich. 1999) (finding no misconduct from prosecutor's statement "[t]here are secrets locked up in this [defendant]" that responded to defense counsel's prior argument "that the prosecutor could not really say what happened the night of the killings because he (the prosecutor) was not present") (footnote omitted).

Moreover, the comment was an isolated part of the prosecutor's rebuttal. Prosecutorial misconduct claims are often denied when the challenged comments are "neither flagrant nor repeated." *See, e.g.*, *Joseph v. Coyle*, 469 F.3d 441, 474 (6th Cir. 2006).

Finally, the trial court recognized that no evidence was admitted regarding whether Welch was offered a plea deal, and it instructed the jury to disregard the unsupported argument. There is no reason to believe that the jury was unable to follow the curative instructions. Curative instructions provide a reasonable basis for rejecting prosecutorial misconduct claims. *See Coyle*, 469 F.3d at 475.

II.  Prosecutor's Vouching for Witnesses

Welch next asserts that the prosecutor vouched for the credibility of the witnesses who participated in the crime by stating that their plea agreements required their truthful testimony. *See* ECF 9-10, PgID 968–71 (trial transcript reflecting prosecutor's comments about the nature of Welch's co-defendants' plea deals). The Michigan Court of Appeals did not explicitly address this claim in its opinion. Nevertheless, the claim fails even under *de novo* review.

"Improper vouching occurs when a prosecutor supports the credibility of a witness by indicating a personal belief in the witness's credibility thereby placing the prestige of the [prosecutor's office] behind that witness." *United States v. Trujillo*, 376 F.3d 593, 607 (6th Cir. 2004) (quoting *United States v. Martinez*, 253 F.3d 251, 253–54 (6th Cir. 2001). A prosecutor's reference "to the plea agreements of cooperating witnesses in expectation that their credibility will be at issue" or elicitation of

7

"testimony that the plea agreement contains a promise to testify truthfully" do not constitute improper vouching. *United States v. Reid*, 625 F.3d 977, 983 (6th Cir. 2010) (quoting *United States v. Owens*, 426 F.3d 800, 806 (6th Cir. 2005) and *United States v. Francis*, 170 F.3d 546, 550 (6th Cir. 1999)).

The jury was entitled to know about any agreement or promises that the prosecutor made with the witnesses in return for their testimony. *Giglio v. United States*, 405 U.S. 150, 154–55 (1972); *see also Bell v. Bell*, 512 F.3d 223, 234 (6th Cir. 2008) (acknowledging "that the prosecution must disclose a tacit agreement between the prosecution and a witness").

The practice of describing witnesses' plea agreements to the jury, including an agreement to testify truthfully, is permissible. *Francis*, 170 F.3d at 550. Revelation of the terms of the plea agreement did not suggest secret or special knowledge held by the prosecutor concerning Welch's guilt. Indeed, the fact that the witnesses received a benefit from the prosecution in exchange for their testimony provided the defense with a significant basis for attacking their credibility. Welch's trial was not rendered fundamentally unfair by disclosure of the witnesses' agreements to provide truthful testimony. As neither of Welch's claims warrant relief, the petition will be denied.

III. Certificate of Appealability

To appeal the Court's decision, Welch must obtain a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate the

denial of a constitutional right, Welch must show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). Here, jurists of reason would not debate the Court's denial of Welch's claims. The Court therefore denies him a certificate of appealability.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's petition for a writ of habeas corpus [1] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>
STEPHEN J. MURPHY, III<br>
United States District Judge

Dated: June 28, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 28, 2019, by electronic and/or ordinary mail.

s/ David P. Parker<br>
Case Manager